UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY GILKERSON,<br><br>            Plaintiff,<br><br>   v.<br><br>JOEL HARTER, et al,<br><br>           Defendants. | No.  2:12-cv-2826 TLN GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

Presently pending before the Court is a motion to dismiss, filed on March 7, 2013, by defendants Workers' Compensation Appeals Board ("WCAB"), Hon. Joel Harter, Hon. Joseph Rebeck, and Hon. Robert Thiessen.[1] ECF No. 8. Plaintiff has filed an opposition[2] to defendants' motion, ECF No. 14, to which defendants have filed a response, ECF No. 16. Also before the Court is an order to show cause, which was filed by this Court on June 28, 2013. ECF No. 19. On July 11, 2013, plaintiff filed a response to the order to show cause. ECF No. 20. Having reviewed the papers in support of and in opposition to the motion and order at hand, the court now issues the following findings and recommendations:

---

[1] The docket shows three separate filings of a motion to dismiss on March 7, 2013. ECF Nos. 8-10. These documents are identical. As such, the first listed motion, ECF No. 8, will be construed as the operative motion to dismiss before this Court.

[2] Plaintiff's filing does not have a clear title, but it is clearly styled as a response to defendants' motion to dismiss and thus will be construed as an opposition to defendants' motion. ECF No. 14 at 1.

1

BACKGROUND

Plaintiff is proceeding pro se and has paid the filing fee. This original complaint was filed on November 19, 2012. ECF No. 1. Plaintiff's first amended complaint ("FAC"), filed on February 19, 2013, is presently before the court. ECF No. 5. The FAC generally alleges that plaintiff's constitutional rights and California law were violated by defendants during the litigation before the WCAB, regarding plaintiff's claim for workers' compensation benefits. Id. Defendants Harter, Thiessen, and Rebeck are Administrative Law Judges with the WCAB. Although defendants WCAB, Harter, Rebeck, and Thiessen state that they have not been served, ECF No. 8 at n. 1, they have made appearances by filing the motion to dismiss, obviating the need for service on them.

On June 28, 2013, this Court filed an order directing plaintiff to show cause why the following defendants should not be dismissed: Berkshire Hathaway Homestead Companies; American Commercial Claims Administrators; Shaw, Jacobsmeyer, Crain, Claffey & Nix, LLP; Laughlin, Falbo, Levy & Moresi, LLP; Jaffe; Ahn, Weilepp; and, Ely. ECF No. 19. These defendants have not been served and pursuant to Federal Rule of Civil Procedure 4(m), this Court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint. Plaintiff filed a response to this Court's order to show cause, but failed to address the issue of why there is no record that these defendants have been served with process. ECF No. 20. Instead of addressing the merits of the order to show cause, plaintiff provided notice that the action is advancing to the United States Supreme Court for numerous reasons. Id. Therefore, the aforementioned defendants should be dismissed from this action.

DISCUSSION

Plaintiff's FAC alleges that there have been multiple procedural errors committed by defendant's Harter, Rebeck, and Thiessen in the course of the WCAB proceedings and that those errors violated his rights under Article One, § 9, Article Two, § 10 of the United States Constitution and the Fourth, Fifth, Sixth, Eight, Ninth, and Fourteenth Amendments of the United States Constitution. ECF No. 5. However, plaintiff's FAC does not state whether defendants are sued in their official or individual capacities. Also, plaintiff makes no specific allegations

1  pertaining to the WCAB.

2  Specifically, plaintiff alleges that when defendant Thiessen, the trial judge, asked if
3  plaintiff would wait for opposing counsel to arrive during a scheduled appointment time, which
4  plaintiff agreed to, that the request was made without proper jurisdiction, violated his due process
5  rights, displayed defendant's bias, and resulted in a miscarriage of justice. Id. at 4-5. Plaintiff
6  asserts that defendant Thiessen "should have monitored Modus Operandi within the realm of the
7  Court: Allowing the Plaintiff" US Constitutional Rights/ Equal Protection Under the Law without
8  discrimination of persons." Id. at 14. Plaintiff alleges that defendant Thiessen misled him about
9  the nature of a status conference and allowed plaintiff's attorney to withdraw from the case
10 without prior notice to plaintiff, over his protests, and without appointing him a new attorney. Id.
11 at 15-18. Plaintiff also alleges that defendant Thiessen issued an order based on falsified and
12 perjured evidence from that the co-defendants supplied without a proper hearing, which
13 compelled plaintiff to attend a medical evaluation. Id. at 19-21. When plaintiff failed to comply
14 with that order, defendant Thiessen issued another order barring plaintiff's right to any temporary
15 disability benefits accrued thereafter, which plaintiff claims was a violation of his Eighth and
16 Ninth Amendment Rights. Id. at 21.

17 Plaintiff also alleges that defendant Rebeck's name was stamped on two subpoenas used
18 by the defendants in the WCAB action, and that the subpoenas were issued without any hearing.
19 Id. at 1, 9, 10, 18. Plaintiff states that defendant Rebeck was "[e]ntangled in this situation for
20 failing to set a Motion For a Hearing on the documentation or for an answer to rebuttal before it
21 was issued is in Violation of Amendment IV" and that defendant Rebeck "Perjured /Falsely." Id.
22 at 10.

23 Plaintiff claims that defendant Harter refused to remove defendant Thiessen as the trial
24 judge in his WCAB case. Id. at 18. Plaintiff stated that "[t]he Presiding Judge, (defendant
25 Harter) Aided / Abetted in the On-going Process of a Kangaroo Court. Mr. Harter's Absenteeism
26 sanctioned chaos and is responsible for the actions in the Inferior Realm of the Court / allowed
27 Mr. Thiessen to rule in a case that he is Disqualified." Id. at 21.
28 /////

Plaintiff claims that the co-defendants violated his right to due process and equal protection by implementing one of their own people within the court system and thus manipulating the court proceedings to give them a favorable outcome and to lessen their own liability. Id. at 11. He claims that they failed to oversee the conduct of the defendants in the WCAB action. Id. at 12, 14, 17, 18. Also, plaintiff appears to allege that defendants Harter, Rebeck, and Thiessen violated California Penal Code §§ 471.5 and 475(c). Id. 9.

Although plaintiff fails to provide a specific prayer for relief, he appears to seek damages for violations of his civil rights and for the temporary benefits withheld as a result of his failure to comply with defendant Thiessen's order compelling plaintiff to attend a medical evaluation.

Defendants move to dismiss this action on numerous grounds, asserting that this Court lacks subject matter jurisdiction, the suit is barred by the Eleventh Amendment, the suit is barred by absolute judicial immunity, plaintiff's FAC does not sufficiently raise a substantial federal question, and the case was improperly removed from state court. ECF No. 8 at 19. Plaintiff's "opposition" states "this case is to have a change of venue and be removed to the United States Supreme Court." ECF No. 18 at 1. Plaintiff also alleges that defendants' motion is "another feeble and premature attempt . . . to blindside the Higher Court with misconstrued facts." Id.

I. Eleventh Amendment Immunity

The Eleventh Amendment bars federal suits for violations of federal law pursuant to 42 U.S.C. § 1983 against a state, its agencies, or its departments for legal or equitable relief, unless the state consents to suit or waives its immunity. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986). The Eleventh Amendment also bars federal suits for violations of federal law against state officials sued in their official capacities for damages and other retroactive relief. Quern v. Jordan, 440 U.S. 332, 337, 99 S. Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); Pena v. Gardener, 976 F.2d 469, 472 (9th Cir.1992). Furthermore, the Eleventh Amendment bars federal suits against a state, its agencies, or its departments for violations of state law, regardless of the relief sought, unless the state consents to suit. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 106, 120-21, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984); see also United Parcel Service v. California Public Utilities Comm'n, 77 F.3d 1178, 1186 (9th

Cir. 1996) (holding that the 11th Amendment prohibits federal courts from issuing injunctive relief against state agencies or state officials in official capacities on the basis of state law).

The Eleventh Amendment also bars federal suits for violations of state law against state officials sued in their official capacity for retrospective and prospective relief. Pennhurst State School & Hospital v. Halderman, supra; Pena v. Gardener, 976 F.2d 469, 473 (9th Cir. 1992). However, the Eleventh Amendment does not bar federal suits against state officers sued in their official capacities for prospective relief based on an ongoing violation of plaintiff's federal constitutional or statutory rights. Edelman v. Jordan, supra; Ex Parte Young, 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L.Ed. 714 (1908); Central Reserve Life of North America Ins. Co., 852 F.2d 1158, 1161 (9th Cir.1988). Thus, the Eleventh Amendment does not preclude suits against state officials for injunctive relief. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L.Ed.2d 438 (1997); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908). The underlying purpose of the exception is to allow claims against state officials for violations of federal statutes or the Constitution. Allegheny County Sanitary Authority v. U.S. Environmental Protection Agency, 732 F.2d 1167, 1174 (3d Cir.1984); Almond Hill School v. United States Dept. of Agriculture, 768 F.2d 1030, 1034 (9th Cir.1985).

The Eleventh Amendment does not bar federal suits for violations of federal law against state officials sued in their individual capacities for damages. Scheuer v. Rhodes, 416 U.S. 232, 238, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974). Nor does it bar federal suits for violations of state law against state officials sued in their individual capacities for damages. Ashker v. California Dep't. of Corrections, 112 F.3d 392, 394 (9th Cir.1997); Pena v. Gardener, 976 F.2d 469, 473-74 (9th Cir. 1992).

Eleventh Amendment immunity is also consistent with the general rule that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836, 839 (9th Cir.1997) citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). State agencies, as mere "arms of the state," are similarly immune from suit in federal court. See Brooks v. Sulphur Springs Valley Electric Coop., 951 F.2d 1050,

1053 (9th Cir.1991); see also Wood v. Sargeant, 694 F.2d 1159, 1161 (9th Cir.1982).

If plaintiff is attempting to allege a civil rights claim under 42 U.S.C. § 1983, this section does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147, 59 L.Ed.2d 358 (1979). Accordingly, as a general rule, states cannot be sued in federal court for violating § 1983. Plaintiff provides no evidence that the WCAB waived its Eleventh Amendment protection. Moreover, Plaintiff has failed to identify any evidence of congressional intent to abrogate the WCAB's immunity.[3] Thus, it is clear that any claims asserted by plaintiff against the WCAB are wholly barred by the Eleventh Amendment.

However, the Eleventh Amendment does not dismiss of plaintiff's claims against defendants Harter, Rebeck, and Thiessen so readily. The Eleventh Amendment does not preclude suits against state officials for injunctive relief. See Coeur d' Alene Tribe of Idaho, 521 U.S. at 269; Ex Parte Young, 209 U.S. 123. Also, notwithstanding Eleventh Amendment immunity, state officials may be sued in their individual capacities for both damages and injunctive relief. See Hafer v. Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365, 116 L.Ed.2d 301 (1991); Graham, 473 U.S. at 165-67, 105 S. Ct. at 3105-06. Therefore, the Eleventh Amendment bars plaintiff's action against defendants Harter, Rebeck, and Thiessen, in their official capacities, for violations of federal law for damages and other retroactive relief and for violations of state law for retrospective and prospective relief.

II. Absolute Judicial Immunity

Defendants Harter, Rebeck, and Thiessen are all Administrative Law Judges with the WCAB. The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356–7,

---

[3] Furthermore, the Supreme Court has clearly stated that congressional abrogation of a state's immunity to suit in federal court occurs only when that intention is both "unequivocal and textual." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 56, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242, 105 S. Ct. 3142, 87 L.Ed.2d 171 (1985).

98 S. Ct. 1099, 1105, 55 L.Ed.2d 331 (1978), quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 351, 20 L.Ed. 646 (1872). The two-part test of <u>Stump v. Sparkman</u> determines the broad scope of judicial immunity:

> [T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Administrative law judges enjoy absolute immunity for actions taken in an adjudicatory role. <u>Butz v. Economu</u>, 438 U.S. 478, 513–514, 98 S. Ct. 2894, 57 L.Ed.2d 895 (1978); <u>Howard v. Drapkin</u>, 222 Cal.App.3d 843, 852–853, 271 Cal.Rptr. 893 (1990). Because the federal and state principles governing absolute immunity for judges are identical, the undersigned will focus on the more developed federal law.

Plaintiff complains of actions taken by administrative law judges in the performance of their normal functions and in their judicial capacities. "A judge is generally immune from a civil action for damages." <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243 (9th Cir.1996). The immunity extends as well to actions for declaratory, injunctive and other equitable relief. <u>Id.</u> Only two exceptions apply—if the judge is acting clearly without jurisdiction or if the judge is not performing a judicial act. <u>Id.</u> Judicial acts are those in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights." <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 435–436, 113 S. Ct. 2167, 2171, 124 L.Ed.2d 391 (1993) (citation and internal quotation marks omitted). Rulings during trial, hearings, and in response to pleadings constitute judicial acts. See <u>Sheppard v. Maxwell</u>, 384 U.S. 333, 358, 86 S. Ct. 1507, 1520, 16 L.Ed.2d 600 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom); <u>Barrett v. Harrington</u>, 130 F.3d 246, 254–59 (6th Cir. (Tenn.) 1997) (collecting cases and finding letter to prosecutors a judicial act).

Each of plaintiff's claims against defendants Harter, Rebeck, and Thiessen regard alleged violations of plaintiff's constitutional rights during the WCAB court proceedings. Plaintiff's FAC does not allege that defendants' actions were made outside of their judicial duties. These

defendants merely presided over aspects of plaintiff's workers' compensation claims and thus are absolutely immune from a suit for damages arising out of their judicial acts. Because there is no evidence whatsoever that suggests that defendants clearly acted without jurisdiction or that they were not performing judicial acts, judicial immunity extends to a suit for declaratory, injunctive and other equitable relief.

CONCLUSION

Defendants' motion to dismiss is properly supported by defendants' assertions of Eleventh Amendment immunity and absolute judicial immunity. Therefore, in the interest of judicial economy, this Court will not address defendants' remaining assertions.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants Berkshire Hathaway Homestead Companies; American Commercial Claims Administrators; Shaw, Jacobsmeyer, Crain, Claffey & Nix, LLP; Laughlin, Falbo, Levy & Moresi, LLP; Jaffe; Ahn, Weilepp; and, Ely be DISMISSED from this action for plaintiff's failure to serve them;

2. Remaining defendants'— WCAB, Harter, Thiessen, and Rebeck's—motion to dismiss (ECF No. 8) be GRANTED.

3. Plaintiff's first amended complaint (ECF No. 5) be DISMISSED.

4. The allegations against the WCAB and the administrative law judges appear both legally and factually frivolous. No purpose would be served by granting plaintiff leave to amend against these defendants. Therefore, the undersigned recommends that they be finally dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/29/13

<u>/s/ Gregory G. Hollows</u>
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: 33 – gilk2826.ord